**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
David A. Blansky, Esq.
Wendy J. Rothstein, Esq.
*Attorneys for Gregory Messer, as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

|  |  |
|---|---|
|  | Chapter 7 |
|  | Case No. 18-13098-MG |
| LEE ALEXANDER BRESSLER, | |
| Debtor. | |

----------------------------------------------------------x

|  |  |
|---|---|
| GREGORY MESSER, ESQ., as Chapter 7 | |
| Trustee of Lee Alexander Bressler, | Adv Pro. No. |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| ALEX DUERING TRUST UAD 11/14/1996 FBO JANE BRESSLER, BUTTERFIELD TRUST (BERMUDA) LTD, formerly known as THE BANK OF N.T. BUTTERFIELD EXECUTOR & TRUSTEE COMPANY LTD. (BERMUDA), LEE BRESSLER and SCOTT BRESSLER, | |
| Defendants. | |

----------------------------------------------------------x

Plaintiff, Gregory Messer, Esq., solely as Chapter 7 Trustee ("Plaintiff") of the estate of

Lee Alexander Bressler (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as

and for his Complaint against defendant Alex Duering Trust UAD 11/14/1996 FBO Jane Bressler,

Butterfield Trust (Bermuda) Ltd., formerly known as The Bank of N.T. Butterfield Executor &

Trustee Co. Ltd. (Bermuda), Lee Bressler and Scott Bressler (the "Defendants"), alleges as

follows:

1

## NATURE OF THE ACTION

1.    This adversary proceeding is brought by  Plaintiff (i) for declaratory relief finding that the Debtor's entitlement to his share of the assets of the Alex Duering Trust UAD 11/14/1996 FBO Jane Bressler (the "Duering Trust") is property of the bankruptcy estate; (ii) for the turnover of property of the estate; and (iii) for injunctive relief preventing the transfer, conveyance or other disposition of funds held in any account maintained by or on behalf of the Duering Trust at The Northern Trust Company.

## SUBJECT MATTER JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3.    The predicates for the relief sought herein include 11 U.S.C. §§ 105(a), 323, 541, and 542 (the "Bankruptcy Code") and Rules 6009, 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the New York Estates, Powers & Trusts Law ("EPTL"), and New York common law.

4.    Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A), and (b)(2)(E).

6.    Plaintiff is authorized to file this action pursuant to Bankruptcy Code § 323 and Bankruptcy Rule 6009.

7.    Pursuant to Local Rule 7008-1 of the Bankruptcy Court for the Southern District of New York, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent

consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### THE PARTIES AND PROCEDURAL HISTORY

8.      On October 12, 2018 (the "Filing Date"), the Debtor filed a voluntary petition pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

9.      Plaintiff was appointed Chapter 7 Trustee, has since qualified and is now the permanent Trustee administering the Debtor's estate.

10.     Plaintiff is authorized to file this action under Bankruptcy Code § 323 and Bankruptcy Rule 6009.

11.     The Duering Trust is a trust that was created for the benefit of the Debtor's maternal grandfather and the Debtor's mother, Norbert Blechner and Hannah Blechner.

12.     The Trustee of the Duering Trust is Butterfield Trust (Bermuda) Limited, formerly known as The Bank of N.T. Butterfield Executor & Trustee Co. Ltd. (Bermuda), a company established under the laws of Bermuda, and having its registered office at 65 Front Street, Hamilton, Bermuda.

13.     Debtor is an individual residing at 120 East 87th Street, Apt. R20G, New York, NY 10128.

14.      Scott Bressler ("Scott") is an individual residing at 68 Hancock Street # A, San Francisco, CA 94114-2620.

15.     Scott is the Debtor's brother.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.**     **The Duering Trust**

16.     On November 14, 1996, pursuant to the A.R. 1996 Trust Agreement, Alex Duering created a trust for the benefit of Norbert Blechner, the maternal grandfather of the Debtor and Scott.

17.     Norbert Blechner and Hannah Blechner died on March 18, 2005 and February 25, 2006, respectively.

18.     Upon information and belief, upon the death of Norbert Blechner, Hannah Blechner failed to exercise her power of appointment.

19.     Upon information and belief, one-third of the Duering Trust (the "Duering Trust Fund") was placed into the A.R. 1996 Trust f/b/o Jane C. Bressler, one-third of the Duering Trust Fund and the income thereof was placed into the A.R. 1996 Trust f/b/o Mark J. Blechner, and the remaining one-third of the Duering Trust Fund was placed into the A.R. 1996 Trust f/b/o Barbara F. Sevde.

20.     The Debtor and Scott are the sole natural issue of Jane C. Bressler.

21.     The Debtor and Scott are the beneficiaries of the A.R. 1996 Trust f/b/o Jane C. Bressler.

22.     Upon information and belief, upon Jane C. Bressler's death, her share of the Duering Trust was to be set aside into separate trusts, one for the Debtor, with the Debtor as primary beneficiary and another for Scott, with Scott as the primary beneficiary.

23.     Jane C. Bressler died on August 5, 2015.

24.     Carlyn S. McCaffrey was the Protector of the A.R. 1996 Trust f/b/o Jane C. Bressler.

25.     Upon information and belief, Carlyn S. McCaffrey resigned as the Protector of the A.R. 1996 Trust f/b/o Jane C. Bressler.

26.     Upon information and belief, a successor Protector was not appointed.

27.     Upon information and belief, non-family member, Butterfield Trust (Bermuda) Ltd., formerly known as The Bank of N.T. Butterfield Executor & Trustee Co. Ltd. (Bermuda) is trustee of the Duering Trust.

28.     The trustee of the Duering Trust made no such distribution into a separate trust for the Debtor any time after August 5, 2015.

29.     The administration of the Duering Trust has been unduly and unreasonably prolonged.

30.     The Duering Trust is considered terminated for taxation purposes under 26 CFR § 1.641(b)-3 and applicable New York State tax law.

31.     The value of the Duering Trust was $1,665,432.77 on the Filing Date.

32.     The value of the Duering Trust was $1,955,406.00 as of December 23, 2020.

33.     To the extent that the Debtor and Scott were to be both trustee and beneficiary of their individual trusts, any New York State exemption from property of this bankruptcy estate, as set forth in NYCPLR § 5205(c)(1), for spendthrift trusts is inapplicable.

34.     EPTL Section 7-3.1(a) provides that "[a] disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator."

35.     The excessive delay in administering the Duering Trust does not grant Debtor the ability to skirt this provision.

**FIRST CAUSE OF ACTION**
11 USC § 541(a) (Declaratory Judgment –Property of the Estate)

36.     Plaintiff re-alleges each allegation contained in paragraphs "1" through "35" of the Complaint as if fully set forth herein.

37.     The trustee of the Duering Trust was required under Article 6 of the Duering Trust to create a trust for each of Jane C. Bressler's children on the date of Jane's death and deposit equal parts of the Duering Trust (the "Trust Fund") into trusts created in her children's names with each of them being the primary beneficiary of their own individual trust.

38.     Pursuant to Section 541(a)(1) of the Bankruptcy Code, property of the estate includes "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interest of the debtor in property as of the commencement of the case."

39.     The Debtor's interest in his equal share of the Trust Fund arose prior to the commencement of the Debtor's bankruptcy case upon the passing of Jane C. Bressler.

40.     Debtor's interest in his equal share of the Trust Fund constitutes property of the Estate under 11 U.S.C. § 541 (a)(1).

41.     By reason of the foregoing, the Plaintiff is entitled to judgment against Defendants declaring that, pursuant to the Duering Trust Agreement, Debtor's interest in an equal share of the Trust Fund constitutes property of the Debtor's estate, as of the date of the death of Jane C. Bressler, on August 5, 2015.

**SECOND CAUSE OF ACTION**
11 U.S.C. § 542 (a) (Turnover and Accounting)

42.     Plaintiff re-alleges each allegation contained in paragraph "1" through "41" of the Complaint as if fully set forth herein.

43.     Upon information and belief, Defendant Butterfield Trust (Bermuda) Limited, formerly known as The Bank of N.T. Butterfield Executor & Trustee Co. Ltd. (Bermuda), as trustee of the Duering Trust is in possession, custody or control of the corpus of the Trust Fund.

44.     Upon information and belief, Defendant Duering Trust is in possession, custody or control of the assets of the Trust Fund.

45.     Upon information and belief, the Debtor, as an individual, is in possession, custody or control of the assets of the Trust Fund.

46.     Upon information and belief, Scott, as an individual, is in possession, custody or control of the assets of the Trust Fund.

47.     Any and all property, proceeds or other interest under the Duering Trust to which the Debtor is entitled constitutes property of the bankruptcy estate which the Trustee would be able to use sell or lease in connection with the performance of his duties.

48.     Defendants are required to turnover to Plaintiff and account for such property pursuant to 11 U.S.C. § 542(a).

49.     The Debtor's interest in the assets of the Trust Fund is not of inconsequential value or benefit to the Estate.

50.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants, jointly and severally, to deliver to him his equal share of the assets of the Trust Fund, and to account for such property or the value thereof.

## THIRD CAUSE OF ACTION
(Injunctive relief pursuant to Bankruptcy Rule 7065)

51.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "50" as if set forth fully herein.

52.     The bankruptcy estate will suffer irreparable injury if the funds held in any account maintained by or on behalf of the Duering Trust at The Northern Trust Company are not prevented from being transferred, conveyed or otherwise disposed of by Defendants.

53.     Plaintiff is likely to prevail on the merits of his claims against Defendants based upon the allegations set forth herein and the facts of this case.

54.     The balance of hardships weighs decidedly in favor of the granting of injunctive relief in view of the fact that the Debtor's share of the assets of the Duering Trust is estate property.

55.     Consequently, Plaintiff seeks a preliminary injunction and permanent injunction preventing the Defendants from transferring, conveying or otherwise disposing of the Debtor's share of the assets of the Duering Trust pending further order of this Court.

56.     Pursuant to §105 of the Bankruptcy Code and Rule 65 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 7065, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs Plaintiff's recovery efforts.

57.     Defendants will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to prevent the dissipation of estate property.

58.     By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a preliminary and permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment on his claims for relief against Defendants as follows:

1.      On his first claim for relief, a judgment, under § 541 of the Bankruptcy Code declaring the Debtor's interest in his equal share of the assets of Trust Fund due to him under the Duering Trust after Jane C. Bressler passed away on August 5, 2015 to be the property of the estate;

2.      On his second claim for relief, under §542 of the Bankruptcy Code directing Defendants to immediately turn over to Plaintiff the Debtor's interest in his share of the assets of the Trust Fund and for a full and complete accounting;

3.      On his third claim relief, pursuant to §105 of the Bankruptcy Code and Bankruptcy Rule 7065, made applicable herein by Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants from transferring, conveying or otherwise disposing of the Debtor's share of the assets of the Trust Fund due him pending further order of this Court.

4.      For such other and further relief as the Court deems just and proper.

Dated:  March 19, 2021
        Wantagh, New York

                            **LAMONICA HERBST & MANISCALCO, LLP**
                            Attorneys for Plaintiff, Gregory Messer, solely as
                            Chapter 7 Trustee

        By:     *s/David A. Blansky*
                David A. Blansky
                Gary F. Herbst
                Wendy J. Rothstein
                3305 Jerusalem Avenue
                Wantagh, New York 11793
                Telephone: 516.826.6500

m:\documents\company\cases\bressler, lee\adversary proceedings\trust adversary proceedings\alex duering trust\a.r. 1996 trust complaint.final.docx